IN THE DISTRICT COURT OF
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TY CRISWELL, <br> RONALD COFFMAN <br> ERIC KNIGHT, <br> SAMUEL MCCORD <br> DENISA PEACOCK & <br> JOE FRANK SMILEY, JR., <br><br> Plaintiffs, <br><br> v. <br><br> MOBILE HOUSING BOARD <br><br> Defendant. | Civil Action No.: <br><br> JURY DEMAND |

## COMPLAINT

Plaintiffs, Ty Criswell, Ronald Coffman, Eric Knight, Samuel McCord, Denisa Peacock and Joe Smiley, file this Complaint against the Defendant, Mobile Housing Board.

## I.  JURISDICTION & VENUE

1. This Court has federal question jurisdiction over this action pursuant to the 28 U.S.C. § 1331 and the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, *et seq.*) (hereinafter "FLSA" or the "Act").

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

3. Defendant is subject to personal jurisdiction in the State of Alabama for the purpose of this lawsuit.

4. At all times material to this action, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

## II.  PARTIES

5. Defendant Mobile Housing Board (hereinafter referred to as "Mobile Housing Board" "MHB" or "Defendant") is an entity organized under the laws of the State of Alabama and doing business in the Southern District of Alabama.

6. Defendant is a corporation engaged in interstate commerce and conducting business in this District and was an employer of the Plaintiffs' at all relevant times to this action.   More specifically, this Defendant, and its agents, made employment and compensation related decisions for the above named Plaintiffs.

7. Therefore, pursuant to 29 U.S.C. § 203(d) of the FLSA, Defendant was an employer of the Plaintiffs' at all times relevant to this action.

8. Plaintiff Ty L. Criswell ("Criswell") is an individual over the age of nineteen (19) years and is a resident of Mobile County, Alabama.

9. Plaintiff Ronald Coffman ("Coffman") is an individual over the age of nineteen (19) years and is a resident of Mobile County, Alabama.

10. Plaintiff Eric Knight, ("Knight") is an individual over the age of nineteen (19) years and is a resident of Mobile County, Alabama.

11. Plaintiff Denisa Peacock ("Peacock") is an individual over the age of nineteen (19) years and is a resident of Mobile County Alabama.

12. Plaintiff Joe Smiley ("Smiley") is over the age of nineteen (19) years and is a resident of Mobile County Alabama.

13. Plaintiffs may be referred to collectively as "Plaintiffs" or "Plaintiffs'" throughout this Complaint.

### III. PRELIMINARY STATEMENT

14. This action is brought pursuant to the FLSA, 29 U.S.C. §201 et seq. for equitable and declaratory relief and to remedy the violations of the wage and hour provisions of the FLSA by Defendant, which have deprived the Plaintiffs' of their lawful wages.

15. Defendant is a corporation engaged in interstate commerce and conducting business in this District and was an employer of the Plaintiffs at all times relevant to this action.

16. More specifically, this Defendant, and its agents, made employment and compensation related decisions for the above named Plaintiffs.

17. Therefore, pursuant to 29 U.S.C. § 203(d) of the FLSA, Defendant was an employer of the Plaintiffs' at all times relevant to this action.

18. This action is brought to recover unpaid compensation in the form of unpaid wages and overtime, owed to Plaintiffs' pursuant to the FLSA.

19. For up to three years prior to the filing of this Complaint, Defendant has had a uniform policy and practice of consistently requiring Plaintiffs' to work "on-call" and/or "off the clock", without pay, and has required employees to work over forty (40) hours a week without paying them for every hour worked and without paying them overtime compensation due to them.

## IV.  FACTUAL ALLEGATIONS

20. Plaintiff Criswell was an hourly employee of Defendant for at least the three years previous to September of 2014, when his employment with Defendant ceased.

21. Plaintiff Coffman was an hourly employee of Defendant for at least the three years previous to September of 2014, when his employment with Defendant ceased.

22. Plaintiff Knight was an hourly employee of Defendant for at least the three years previous to September of 2014, when his employment with Defendant ceased.

23. Plaintiff McCord was an hourly employee of Defendant for at least the three years previous to September of 2014, when his employment with

Defendant ceased.

24. Plaintiff Peacock was an hourly employee of Defendant for at least the three years previous to September of 2014, when her employment with Defendant ceased.

25. Plaintiff Smiley was an hourly employee of Defendant for at least the three years previous to September of 2014, when his employment with Defendant ceased.

26. The Plaintiffs' frequently worked hours for the Defendant during the work week and on weekends for which they were not compensated.

27. The Plaintiffs' worked hours in excess of 40 hours per week during their employment with the Defendant for which they were not compensated.

28. Plaintiffs' were scheduled to work forty (40) hours per week.

29. Defendant did not keep records of the time worked by Plaintiffs' and did not keep a record of hours worked or overtime hours worked by Plaintiffs'.

30. Plaintiffs did not "punch" a time clock.

31. The Plaintiffs worked "off the clock" and were not paid for all hours worked.

32. Plaintiffs' worked in excess of forty (40) hours per week and were not paid overtime.

33. Plaintiffs routinely came to work, and began their work days, before the time that Defendant began actually paying them, and they were not paid for this time that they actually were at work.

34. Plaintiffs' were routinely required to work during their lunch period and were not paid for this time worked.

35. Plaintiffs' worked "after hours" and at night and were not paid for the time worked.

36. Plaintiffs worked on weekends and were not paid for the time worked.

37. For one week, every seventh week, each Plaintiff, was required to be "on call" for the entire week, twenty–four (24) hours a day, seven days in the week, and Plaintiffs' were not paid for time worked or for "on-call" time.

38. Plaintiffs' were not paid for hours they spent at work for the Defendant, even though they were working for Defendant, because they were not allowed to "clock in" before their scheduled work time, and were forced to "clock out", after their scheduled work time, but still were at work.

39. Plaintiffs' were not paid for all regular time worked.

40. Plaintiffs' were not paid for overtime hours, in addition to the regular hours, that they were not paid.

41. Plaintiffs' were not paid "on-call" time.

42. Plaintiffs' did not receive overtime pay as required by Section 207(a) of the

FLSA during weeks they worked more than 40 hours.

43. Plaintiffs were not properly compensated for time worked in violation of the provisions of the FLSA.

44. Plaintiffs' were not paid for time for time spent away from work for doctor appointments unless they took sick time or vacation time.

45. Plaintiffs' were not paid time for time spent away from work for sick leave unless they took sick leave.

46. Plaintiffs' were not paid for time for time spent away from work for vacation unless they took vacation time.

47. Plaintiffs were not paid for time spent away from work to attend to personal matters unless they took sick time or vacation time.

48. Plaintiffs' performed the same duties and had the same job responsibilities, and were treated identically by Defendant, and are similarly situated for purposes of their job duties.

49. Plaintiffs' did not have any employees of their own and did not have the authority to hire, fire, promote, determine starting pay for, give pay raises to, or to take disciplinary action against employees of Defendant. Nor did they make any effective recommendations regarding the disciplinary actions to be taken against any employees of Defendant. They also did not determine budgets, or adopt policies on behalf of the Defendant, or effectively

recommend any such actions.

50. Plaintiffs' seek unpaid wages and overtime compensation, lost benefits and an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. §216(b).

51. At all times relevant to this action, Defendant was an "employer" of Plaintiffs, and all other similarly situated employees of Defendant, as defined by §203(d) of the FLSA.

52. At all times material to this action, Plaintiffs' were "employees" of Defendant as defined by §203(e)(1) of the FLSA.

53. Plaintiffs' worked for Defendant within the territory of the United States within the three years preceding the filing of this lawsuit.

54. The provisions set forth in §207 of the FLSA apply to Defendant, and the Plaintiffs were covered by §207 of the FLSA during their employment with Defendant.

55. Defendant has intentionally failed and/or refused to pay Plaintiffs' according to the provisions of the FLSA.

56. Defendant's systems and practices relating to their non-payment of earned wages and overtime to Plaintiffs', which deprive the Defendant of any FLSA overtime exemptions, have existed since at least September of 2011.

57. Defendant has been aware, or should have been aware, of the requirements

of the FLSA and its corresponding regulations and its own violations of the FLSA since at least September of 2011.

58. Despite this knowledge, Defendant has failed to pay the Plaintiffs' the amount of pay required by the FLSA.

59. Defendant has engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiffs in accordance with §207 of the FLSA.

60. In addition to the amount of unpaid wages and benefits owed to the Plaintiffs, the Plaintiffs, are entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b) and prejudgment interest.

61. Defendant's actions in failing to compensate Plaintiffs were in violation of the FLSA, and were willful.

62. Defendant has not made a good faith effort to comply with the FLSA.

63. Plaintiffs' are also entitled to an award of attorney's fees pursuant to 29 U.S.C. §216(b).

64. Plaintiffs' have no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for lost overtime and wages, back-pay, and a declaratory judgment is their only means of securing adequate relief.

65. Plaintiffs' are now suffering, and will continue to suffer irreparable injury

from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

66. Defendant, and its agents failed to keep accurate time records pursuant to 29 U.S.C. § 211 (c) of the FLSA.

## V.  FIRST CAUSE OF ACTION

67. Plaintiffs' incorporate by reference all previous paragraphs and allegations as set forth herein.

68. The above described conduct constitutes a willful violation of the FLSA, including, the FLSA's record keeping requirements.

69. The Defendant's violations of the FLSA entitles Plaintiffs' to receive pay for all hours worked for which they were not compensated, and for all overtime pay were entitled to receive but did not receive, for three years from the date of the filing of this action plus liquidated damages, costs ant attorney fees.

WHEREFORE, the Plaintiffs' seek reinstatement with back pay and benefits and pray this Honorable Court enter a judgment against the Defendant for compensatory damages, statutory liquidated damages, equitable relief, attorneys' fees, expert costs, and all costs and expenses of Court and litigation expended on their behalf in pursuit of these claims.  The Plaintiffs' request all other relief that may be available to them as a matter of law and equity and all relief that this

Court and/or a jury may award.

## VI.  SECOND CAUSE OF ACTION

70. The Plaintiffs' incorporate by reference all previous paragraphs and allegations as set forth herein.

71. Pursuant to 28 U.S.C. § 2201, et. seq., the Plaintiffs' hereby request a declaration that they were non-exempt employees of the Defendant who were entitled to receive overtime compensation pursuant to the FLSA and compensation for all hours worked but not paid.

WHEREFORE, the Plaintiffs' seek reinstatement and pray this Honorable Court enter a judgment against Defendant for compensatory damages, statutory liquidated damages, prejudgment interest, equitable relief, attorneys' fees, expert costs, and all costs and expenses of Court and litigation expended on their behalf in pursuit of these claims.  The Plaintiffs' request all other relief that may be available to them as a matter of law and equity.  The Plaintiffs' request all other relief that may be available to them as a matter of law and equity and all relief that this Court and/or a jury may award.

**WHEREFORE**, Plaintiffs', pursuant to §216(b) of the FLSA and all other applicable provisions of the FLSA, pray for the following relief:

1. That they be reinstated to their former positions with all due back pay, benefits and any other relief they may be entitled to in law or equity ;

2.  An order awarding damages in the amount of their respective unpaid compensation, including overtime and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), and/or prejudgment interest;

3.  An order awarding reasonable attorneys' fees, including the costs and expenses of this action;

4.  Such other legal and equitable relief including, but not limited to, any declaratory relief to which they may be entitled;

5.  An order requiring Defendant to make Plaintiffs' whole by awarding them lost wages (plus interest) overtime and benefits and liquidated damages; and

6.  Plaintiffs further demand a jury to try the issues when joined.

THE PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY.

Respectfully submitted this the 26th day of September, 2014.

                                                s/DANIEL A. HANNAN
                                                (HANND4492)
                                                DANIEL A. HANNAN, LLC
                                                Attorney for Plaintiffs

DANIEL A. HANNAN, LLC
P.O. Box 1286
Mobile, AL. 36633
Work:      251-289-1326
Cell:        251-654-1360
Fax:        251-252-1331
Email:  hannanlaw@gmail.com

**DEFENDANT MAY BE SERVED BY CERTIFIED MAIL
AT THE FOLLOWING ADDRESS:**

MOBILE HOUSING BOARD
151 South Claiborne Street
Mobile, Alabama 36602